UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

--------------------------------------------------------

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case. No. 1:15-CR-00045 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Doc. 82] |
| NIKITA GRIFFIN, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Nikita Griffin moves to stay the execution of the Judgment of this Court pending an appeal he has filed. The Government opposes.[1] For the reasons below, this Court **DENIES** Defendant's motion to stay the execution of judgment pending appeal.

## I.    Background

On January 13, 2016, this Court sentenced Defendant Griffin to a term of 12 months imprisonment, followed by three years' supervised release for a conviction of conspiracy to submit false claims to the United States.[2] The Court determined that Defendant Griffin's offense level was 11, with a Criminal History category I, for a range of 10-16 months.

Griffin's appeal is based on two grounds: 1) he was denied any adjustment for acceptance of responsibility, and 2) the Court increased his sentencing range by two levels for obstruction of justice under U.S.S.G. § 3C1.1.

## II.    Discussion

Section 3143(b) provides for release pending appeal if the court finds "that the appeal is not for the purpose of delay, and raises a substantial question of law or fact likely to

---

[1] Doc. 83.
[2] Doc. 62.

Case No.15-CR-0045
Gwin, J.

result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence . . . ." The Sixth Circuit has held that "an appeal raises a substantial question when it presents a 'close question or one that could go either way'" and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'"[3]

This Court finds Defendant Griffin does not present a substantial question of law or fact likely to result in reversal. Griffin provided false information on his level of involvement in the tax refund scheme. Further, in his guilty plea, Defendant Griffin acknowledged that "Defendant understands it will be up to the Court at the time of sentencing to determine whether a reduction for acceptance of responsibility is appropriate."[4] Griffin's guilty plea also includes an appeal waiver and an understanding that if Defendant "obstructs justice . . . the USAO will be released from all its obligations under the agreement and may institute or maintain any charges and make any recommendations with respect to sentencing that otherwise would be prohibited under the terms of the agreement."[5] Thus, the Government was entitled to recommend an enhancement for obstruction of justice, and the Court was entitled to impose it.

---

[3] *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985), (citing *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985)(en banc)).
[4] Doc. 39 at 5.
[5] *Id*. at 9.

Case No.15-CR-0045
Gwin, J.

### III.     Conclusion

For the reasons above, the Court DENIES Defendant's motion to stay the execution of judgment.


IT IS SO ORDERED.



Dated:  February 29, 2016                                    *s/        James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE