```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :   Case. No. 1:15-CR-00045
                                            :
        Plaintiff,                          :
                                            :
v.                                          :   OPINION & ORDER
                                            :   [Resolving Doc. 96]
NIKITA GRIFFIN,                             :
                                            :
        Defendant.                          :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Nikita Griffin moves to stay the execution of the Judgment of this Court pending an appeal he has filed.[1] The Government opposes.[2] For the reasons below, this Court **DENIES** Defendant's motion to stay the execution of judgment pending appeal.

## I. Background

On September 29, 2016, this Court resentenced Defendant Griffin to a term of 10 months imprisonment, followed by three years' supervised release for a conviction of conspiracy to submit false claims to the United States.[3] The Court determined that Defendant Griffin's offense level was 12, with a Criminal History category I, for a range of 10-16 months.

On October 3, 2016, Griffin filed a notice of appeal and a motion to stay execution of the judgment pending appeal.[4] Griffin's appeal is based on two grounds: 1) he was denied any adjustment for acceptance of responsibility, and 2) the Court increased his sentencing range by two levels for obstruction of justice under U.S.S.G. § 3C1.1.

---

[1] Doc. 96.
[2] Doc. 98.
[3] Doc. 93. The Court previously sentenced Griffin to 12 months imprisonment, but the Sixth Circuit vacated the sentence due to insufficient factual findings supporting its enhancement determinations. Doc. 88.
[4] Doc. 95.

Case No.15-CR-0045
Gwin, J.

## II. Discussion

Release pending appeal is only appropriate where the court finds "by clear and convincing evidence" that (1) the "person is not likely to flee or pose a danger" to the community; (2) "the appeal is not for the purpose of delay;" and (3) the appeal "raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence . . . ."[5] Thus, there is a presumption against release pending appeal.[6]

### A. Flight Risk or Danger to the Public

Defendant Griffin has failed to establish by clear and convincing evidence that he does not pose a flight risk. Griffin did not appear at the initial September 21, 2016 resentencing hearing, which the Court had scheduled four weeks earlier. The day before his scheduled resentencing, Griffin moved to continue the hearing, claiming that a Georgia gas shortage prevented him from purchasing enough gasoline to "safely travel" to Cleveland.[7] Local news reports undermine Griffin's claims. Although a September pipeline leak did disrupt Georgia's gas supply, many stations continued to sell fuel.[8] The gas shortage was not severe enough to prevent Griffin from traveling to his resentencing. Because Defendant Griffin failed to appear at his scheduled resentencing, the Court concludes that Griffin presents a risk of flight.

---

[5] 18 U.S.C. § 3143(b)(1).
[6] *See United States v. Roach*, 502 F.3d 425, 446 (6th Cir. 2007); *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).
[7] Doc. 89.
[8] *See, e.g.*, Kanell, Michael, *Gas Crunch Eases as Pipeline Resumes Operation*, The Atlanta Journal-Constitution (Sep. 22, 2016, 4:47 AM), http://www.ajc.com/business/gas-crunch-eases-pipeline-resumes-operation/37inX4XuMqN43yH77UkWdK/. During the shortage, gas prices increased by 34 cents a gallon. *Id.*

Case No.15-CR-0045
Gwin, J.

*B. Substantial Question on Appeal*

The Sixth Circuit has held that "an appeal raises a substantial question when it presents a 'close question or one that could go either way'" and that the question 'is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.'"[9]

This Court finds Defendant Griffin does not present a substantial question of law or fact likely to result in reversal. The Court's decisions to impose an obstruction enhancement and deny a reduction for acceptance of responsibility were not close questions. Griffin obstructed justice by providing false information on his level of involvement in the tax refund scheme. Griffin represented to law enforcement officers and to the Court that his only involvement in the crime was cashing fraudulent checks. Griffin denied that he provided any employee identification or Social Security numbers used to make the false claims. But at the re-sentencing hearing, IRS Special Agent Joseph Ziegler testified that Griffin's involvement was more extensive and that he had provided employment and/or Social Security information used to make false claims. Griffin's plea agreement was materially false, and he impeded the investigation and prosecution of this case. Because he falsely denied relevant conduct for which he is accountable, Griffin is also not entitled to an adjustment for acceptance of responsibility.[10]

Further, in his guilty plea, Defendant Griffin acknowledged that "Defendant understands it will be up to the Court at the time of sentencing to determine whether a

---

[9] *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985), (citing *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985)(en banc)).
[10] *See* U.S. Sentencing Guidelines § 3E1.1 cmt. n.4 (U.S. Sentencing Comm'n 2013) ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

3

Case No.15-CR-0045
Gwin, J.

reduction for acceptance of responsibility is appropriate."[11] Griffin's guilty plea also includes an appeal waiver and an understanding that if Defendant "obstructs justice . . . the USAO will be released from all its obligations under the agreement and may institute or maintain any charges and make any recommendations with respect to sentencing that otherwise would be prohibited under the terms of the agreement."[12] Thus, the Court was entitled to impose an enhancement for obstruction of justice.

### III. Conclusion

For the reasons above, the Court **DENIES** Defendant's motion to stay the execution of judgment.

IT IS SO ORDERED.

Dated: October 19, 2016             *s/       James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[11] Doc. 39 at 5.
[12] *Id*. at 9.

4